United States District Court
Southern District of Texas
**ENTERED**
March 03, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE CARLOS AGUILAR, Movant | § § § § | |
| v. | § § | Civil Action No. 1:19-cv-191 (Criminal Action No. 1:11-cr-1098-2) |
| UNITED STATES OF AMERICA, Respondent | § § § § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Jose Carlos Aguilar's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (hereinafter, Aguilar's "Motion" or "§ 2255 Motion"). Dkt. No. 1. The Government has filed a combined "Response to Motion for Relief under 28 U.S.C. § 2255 and Motion to Dismiss" (hereinafter, Respondent's "Motion to Dismiss"), which asks the Court to dismiss Aguilar's Motion on the grounds that it is time-barred. It is recommended that the Court: (1) **GRANT** Respondent's Motion to Dismiss; (2) **DISMISS** Aguilar's Motion, (3) **DIRECT** the Clerk of Court to **CLOSE** this case; and (4) **DECLINE** to issue a certificate of appealability.

**I. Jurisdiction**

This Court has jurisdiction over Aguilar's § 2255 Motion pursuant to 28 U.S.C. § 1331 and § 2255.

## II. Background and Procedural History

On February 28, 2012, Aguilar pleaded guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 841(a), § 841(b)(1)(A), and § 846. *See United States of America v. Jose Carlos Aguilar*, No. 1:11-cr-1098-2, Dkt. No. 96 at 1.[1] On January 29, 2013, Senior United States District Judge Hilda Tagle sentenced Aguilar to 168 months of imprisonment and a five-year term of supervised release. *Id*. at 1-2. Judgment was entered on February 5, 2013. *Id*. at 1. Aguilar did not file a direct appeal. Dkt. No. 1 at 1. Instead, Aguilar filed an "Amended Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)" (hereinafter, "Motion for Sentence Reduction") on October 28, 2015. CR Dkt. No. 114. Judge Tagle granted Aguilar's Motion for Sentence Reduction on December 1, 2015, reducing his sentence of imprisonment from 168 month to 151 months. CR Dkt. No. 120.

On October 2, 2019, Aguilar filed his instant § 2255 Motion. Dkt. No. 1.[2] In his § 2255 Motion, Aguilar claims that: (1) the Court enhanced his sentence without providing him with notice or the records/facts he could have used to contest the

---

[1] Hereinafter, Aguilar's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

[2] Aguilar states that he placed his § 2255 Motion in the prison mailing system on October 2, 2019. Dkt. No. 1 at 12. The Court will consider his Motion filed on that date. *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's habeas application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255).

sentence; (2) his trial counsel did not provide him with effective assistance at sentencing; (3) his sentence violates the "FIRST STEP ACT." *Id.* at 4, 5, 10.

The Government filed its Motion to Dismiss on November 27, 2019. Dkt. No. 9. The Government argues that Aguilar's § 2255 Motion is time-barred pursuant to 28 U.S.C. § 2255(f). Dkt. No. 15 at 7-9, 19-23. Aguilar has not filed a reply to the Government's Motion to Dismiss, despite being provided with an opportunity to do so. *See* Dkt. No. 4.

### III. Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[3] amended 28 U.S.C. § 2255 to provide for a one-year limitations period applicable to motions filed under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). Pursuant to § 2255(f), the one-year limitation period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f).

## IV. Discussion

As noted above, Aguilar claims that: (1) the Court enhanced his sentence without providing him with notice or the records/facts he could have used to contest the sentence; (2) his trial counsel did not provide him with effective assistance at sentencing; (3) his sentence violates the "FIRST STEP ACT." Dkt. No. 1 at 4, 5, 10. Aguilar does not elaborate upon these claims, except to state as follows:

> Under Massaro v. United States, there is a question if the appointed counsel was CONSTITUTIONALY effective at sentencing and also the President of the UNITED STATES signed in to law the using of any

---

[3] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

> enhancements should not be used to enhance the sentece of any offense without it being 4 priors. FIRST STEP ACT.

*Id*. at 10 (errors and emphasis in original).

The Government's Motion to Dismiss does not address Aguilar's attempted reliance on the First Step Act. Dkt. No. 9. The First Step Act became law on December 21, 2018. *See generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5194-249 (2018); *see also United States v. Hegwood*, 934 F.3d 414, 416 (5th Cir.), *cert. denied*, 140 S. Ct. 285, 205 L. Ed. 2d 195 (2019) ("On December 21, 2018, the First Step Act of 2018 became law, introducing a number of criminal justice reforms."). The First Step Act allows courts to modify an imposed term of imprisonment under certain circumstances. *United States v. Hegwood*, 934 F.3d 414, 418 (noting that the First Step Act is similar to 18 U.S.C. § 3582(c), "which opens the door . . . for modification of previously imposed sentences for certain specified reasons").

Aguilar does not specify how his sentence allegedly violated the First Step Act, but he appears to suggest that the Court improperly used his prior convictions to enhance his sentence. Dkt. No. 1 at 10 ("[T]he using of any enhancements should not be used to enhance the sentece of any offense without it being 4 priors. FIRST STEP ACT.") (errors and emphasis in original). Section 401 of the First Step Act "reduces and restricts enhanced sentencing for prior drug felonies[.]" *United States v. Declouet*, No. CR 07-198, 2020 WL 708137, at *2 (E.D. La. Feb. 12, 2020). *See also United States v. Wilson*, No. 13-CR-20369-02, 2019 WL 4547061, at *1 (E.D. Mich. Sept. 19, 2019) ("Section 401 of the First Step Act, entitled 'Reduce and Restrict

Enhanced Sentencing for Prior Drug Felonies,' amends provisions within [21 U.S.C] § 841)." More specifically:

> [Section 401] amended 21 U.S.C. § 841 to reduce the mandatory minimum sentence from 20 to 15 years' imprisonment for some defendants with prior drug convictions, by striking "If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years" and inserting the following: "If any person commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment of not less than 15 years." First Step Act § 401(a)(2)(A)(i).

*Valdez Hernandez v. FCI La Tuna*, No. EP-19-CV-112-PRM, 2019 WL 1925897, at *4 (W.D. Tex. Apr. 30, 2019) (formatting altered).

Because Aguilar fails to clearly invoke any other provision of the First Step Act,[4] it appears that he is asserting a right to relief under § 401 of the Act. Unfortunately for Aguilar, even if § 401 applied to his case, which he has not shown, § 401 would not provide him with relief because it is not retroactive. *See* First Step Act of 2018, § 401(c), PL 115-391, December 21, 2018, 132 Stat. 5194 ("APPLICABILITY TO PENDING CASES.—This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."); *see also United States v. Henderson*, 399 F. Supp. 3d 648, 656 (W.D. La. 2019) (noting that § 401 "was not made retroactive"); *United States v.*

---

[4] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5194-249 (2018) (consisting of Titles I-VI, where only Title IV pertains to "Sentencing Reform," and only § 401 of §§ 401-404 pertains to the reduction of enhancements for prior drug felonies). *See also United States v. Declouet*, 2020 WL 708137, at *2 (discussing §§ 401-404 of the First Step Act).

*Wilson*, 2019 WL 4547061, at *2 ("Section 401 makes it clear that this section applies only to offenses committed before the Act's December 21, 2018, enactment date 'if a sentence for the offense has not been imposed' as of that date."); *Valdez Hernandez v. FCI La Tuna*, 2019 WL 1925897, at *4 (same).

Because § 401 of the First Step Act does not apply retroactively to Aguilar's sentence, he has not submitted any information invoking 28 U.S.C. § 2255(f)(2)-(4). *See* generally Dkt. No. 1. Accordingly, § 2255(f)(1) applies to his § 2255 Motion. Pursuant to § 2255(f)(1), Aguilar's one-year limitations period began to run on the date his conviction became final. When a defendant does not appeal, the judgment of conviction becomes final on the last day the defendant could have filed a notice of appeal. *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008); *United States v. Scruggs*, 691 F. 3d 660, 669 (5th Cir. 2013). As Aguilar did not appeal, his conviction became final on February 19, 2013. That is, 14 days after the entry of his February 5, 2013 judgment. *See* CR Dkt. No. 96 at 1; FED. R. APP. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of . . . the entry of either the judgment or the order being appealed"); *Ross v. Global Marine*, 859 F.2d 336, 337 (5th Cir. 1988) ("Repeatedly, we have held that the time for appealing from a judgment is measured from the date of entry, or docketing, not the date of signing by the judge or the date of filing.") (citations omitted).

Adding one year to February 19, 2013, Aguilar had until February 19, 2014, to file his instant § 2255 Motion. Having filed his § 2255 Motion on October 2, 2019, his

Motion is over five years too late.  Further, as the Government points out (Dkt. No. 9 at 3), this conclusion is not disturbed by the fact that Aguilar's 18 U.S.C. § 3582(c)(2) Motion for Sentence Reduction was granted on December 1, 2015.  *See* CR Dkt. No. 120.  In *United States v. Olvera*, the Court of Appeals for the Fifth Circuit held that the entry of an order amending a judgment pursuant to 18 U.S.C. § 3582 has "no impact" on the finality of a conviction, and does not restart the limitations period under §2255(f)(1).  775 F.3d 726, 729 (5th Cir. 2015).  *See also Hernandez v. United States*, No. 3:08-CR-229-K-(2), 2017 WL 6406616, at *1 (N.D. Tex. Dec. 14, 2017) ("[T]he government is correct that the Court's reduction of [movant's] sentence under 18 U.S.C. § 3582(c) did not re-start the statute of limitations under Section 2255(f)(1)")(citing *United States v. Olvera*, 775 F.3d 726, 729)).  Aguilar's § 2255 Motion is barred by the AEDPA statute of limitations and should be dismissed as untimely.  *See* 28 U.S.C. § 2255(f)(1).

### V.  Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted).  Said another way, where claims have been dismissed on the

merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Aguilar has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

It is recommended that the Court: (1) **GRANT** Respondent's Motion to Dismiss; (2) **DISMISS** Aguilar's Motion, (3) **DIRECT** the Clerk of Court to **CLOSE** this case; and (4) **DECLINE** to issue a certificate of appealability.

## VII. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings

and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed this 3rd day of March, 2020.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**